UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REGINALD GREENWELL, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-cv-00071-JD-SLC ) |
| DAVID GLADIEUX, Allen County Sheriff, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 case advancing Eighth Amendment claims is Plaintiff Reginald Greenwell, Jr.'s Motion to File Amended Complaint (DE 16) filed on July 22, 2015, seeking to properly identify the Doe Defendant officers. Defendants object to the motion on the basis of untimeliness, pointing out that the deadline for any amendments to the pleadings by Greenwell had passed four days earlier, on July 18, 2015. (DE 17; DE 19; *see* DE 13 to 14). Greenwell has now filed a reply brief (DE 18), and thus, the matter is ripe for ruling. Because the Court finds that Greenwell's untimeliness constitutes excusable neglect, the motion to amend will be GRANTED.

Federal Rule of Civil Procedure 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is a somewhat "elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (emphasis omitted) (quoting *Pioneer*, 507 U.S. at

394).  In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

Greenwell's counsel explains that she inadvertently missed the deadline because she was waiting for discovery responses from Defendants that she expected would identify the Doe officers.  (DE 18 ¶¶ 7, 12).  However, her co-counsel afforded Defendants a 15-day extension, and thus, Defendants did not produce the discovery responses until July 17, 2015—just one day before Greenwell's deadline to amend the pleadings.  (DE 18 ¶¶ 6, 9).

"[A]ttorney carelessness can constitute 'excusable neglect.'"  *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004).  While Greenwell's counsel's missing the deadline was careless, the neglect is excusable.  *See, e.g.*, *Castillo v. Nurnberg*, No. 3:12-cv-525, 2014 WL 1607386, at *2 (N.D. Ind. Apr. 21, 2014) (finding excusable neglect where delay was attributable, in part, to an inadvertent calendaring error, the attorney rectified the error within 10 days of discovery, and there was no significant danger of prejudice to the defendant); *Saul v. Prince Mfg. Corp.*, No. 1:12-cv-270, 2013 WL 228716, at *2 (N.D. Ind. Jan. 22, 2013) (finding excusable neglect for missing deadline due to counsel's failure to place it on the calendar); *Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (finding excusable neglect for missing a response deadline due to an inadvertent calendaring error).

Here, the length of delay is minimal as the motion for leave to amend was filed just four days after the deadline. *See Ruiz*, 2011 WL 3290376, at *2 (stating that the danger of prejudice was minimal when the response was filed seventeen days after it was originally due). Furthermore, there is no indication that Greenwell's counsel acted in bad faith. *See Edwards-Brown v. Crete-Monee 201-U Sch. Dist.*, 491 F. App'x 744, 747 (7th Cir. 2012) ("Excusable neglect . . . covers unintentional omissions, such as missed filing deadlines; it does not apply to plaintiff's *deliberate* actions."); *Castillo*, 2014 WL 1607386, at *2 (finding excusable neglect where there was no suggestion of bad faith on the part of the attorney). In addition, granting Greenwell's motion is in the interests of judicial economy. The statute of limitations in this matter does not run until November 17, 2015 (DE 18 ¶ 14), and thus, denying the motion would serve only to frustrate the parties and the Court, as Greenwell would simply file another case.

Accordingly, the Court finds that Greenwell's missed deadline was the result of excusable neglect. Because Greenwell's motion to amend was otherwise unopposed, and because the Court should freely give leave when justice so requires, Fed. R. Civ. P. 15(a)(2), the motion to amend (DE 16) is GRANTED. The Clerk is DIRECTED to show Greenwell's Amended Complaint (DE 16-1) filed.

SO ORDERED.

Dated this 30th day of July 2015.

s/ Susan Collins<br>
Susan Collins<br>
United States Magistrate Judge