UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| REGINALD GREENWELL, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:15-CV-071-JD |
| ALLEN COUNTY SHERIFF, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Reginald Greenwell, Jr., an inmate housed at the Miami Correctional Facility, filed this action when he was represented by counsel, but he is now proceeding *pro se.* In his second amended complaint, Greenwell alleged that the defendants, Officer Joseph Klaehn and Officer Kimmere Tabb, failed to protect him from an attack by a fellow inmate at the Allen County Jail, in violation of his Eighth Amendment rights. (DE 28.) Greenwell also brought suit against Allen County Sheriff David Gladieux as the officers' supervisor under the doctrine of *respondeat superior*. In addition, Greenwell brought state law negligence claims against the defendants, alleging they were careless in monitoring and controlling the area of the jail where he was attacked. The defendants moved for summary judgment on February 26, 2016. (DE 43.)

Despite being given proper notice of the motion for summary judgment (DE 47) and numerous opportunities to respond, (DE 46, 48), Greenwell has not responded to the motion for summary judgment. Pursuant to N.D. IND. LOCAL RULE 7-1(d)(4), a party's failure to file a response within the time prescribed may subject the motion to summary ruling. Nevertheless, this "does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565,

568 (7th Cir. 1992). Rather, the court still must make the finding that "given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (citing *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)).

I. FACTS

Greenwell did not respond to the defendants' request for admissions served on December 22, 2015. (See DE 41.) As a result, they became his admissions pursuant to Rule 36(a) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 36(a)(3); *Kalis v. Colgate-Palmolive*, 231 F.3d 1049, 1059 (7th Cir. 2000). Those admissions establish the following undisputed facts.

On November 17, 2013, Greenwell was being held at the Allen County Jail. (DE 41; Req. for Adm. Nos. 1-3.) On that date, Greenwell was standing at fellow inmate Brandon Carter's cell door when the door was accidentally opened. (Req. for Adm. Nos. 7, 14.) Greenwell told Carter that he had been involved with an altercation with Allen County Jail staff, and that he wanted to go to the hospital to have his wrists examined. (Req. for Adm. No. 8.) Then, a third inmate told Greenwell and Carter that they should fight, and that Greenwell could bring a lawsuit as a result. (Req. for Adm. No. 9.) Greenwell and Carter got into a pre-planned altercation for the purpose of bringing this lawsuit. (Req. for Adm. Nos. 10, 11.) Greenwell did not suffer any injuries in the alleged altercation with Carter. (Req. for Adm. No. 12.)

Prior to this incident, the alleged attacker, Carter, had never threatened Greenwell with violence. (Req. for Adm. No. 3.) As such, Greenwell never reported any threat from Carter to any staff member of the Allen County Jail. (Req. for Adm. No. 4.) Greenwell concedes this lawsuit is frivolous and without foundation. (Req. for Adm. No. 15.)

II.   ANALYSIS

As the first claim of Second Amended Complaint, Greenwell alleges Defendants Officer Joseph Klaehn and Officer Kimmere Tabb failed to protect him from being attacked by Carter on November 17, 2013. Correctional officials have an Eighth Amendment duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Nevertheless, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v.*

*Budz*, 398 F.3d 904, 913 (7th Cir. 2005). And, "the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, based on the undisputed evidentiary record consisting of Greenwell's admissions, the grant of summary judgment on this claim is inevitable. There is no evidence that Greenwell suffered an Eighth Amendment violation. Neither officer was aware of any impending threat from Carter because there was none. Instead, the evidence establishes that the alleged attack was concocted by Greenwell and Carter purely to bring a lawsuit. Therefore, summary judgment in favor of Defendants Klaehn and Tabb is appropriate on this claim.

Next, Greenwell brings an Eighth Amendment claim against Allen County Sheriff David Gladieux, alleging the sheriff is responsible for the actions of Officers Klaehn and Tabb under the doctrine of *respondeat superior*. As a threshold matter, because the undisputed facts show that those officers did not violate Greenwell's Eighth Amendment rights, there can be no vicarious liability on Sheriff Gladieux's part. Nevertheless, there is no general *respondeat superior* liability under 42 U.S.C. § 1983 and Sheriff Gladieux cannot be held liable simply because he oversees operations at the jail or supervises these correctional officers. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). For these reasons, summary judgment in favor of Sheriff Gladieux is appropriate on this claim.

4

Finally, as all of his federal claims have been dismissed, this Court declines supplemental jurisdiction over Greenwell's remaining state law claims. *Cady v. South Suburban College*, 152 Fed. Appx. 531, 534 (7th Cir. 2005); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Accordingly, Greenwell's state law claims are dismissed without prejudice.

III.   CONCLUSION

For these reasons, the court:

(1) **GRANTS** the defendant's motion for summary judgment (DE 43);

(2) **DISMISSES with prejudice** Plaintiff's federal claims;

(3) **DISMISSES without prejudice** Plaintiff's state law claims; and

**(4) ORDERS** the clerk to enter judgment in favor of the defendants consistent with this order and close this case.

SO ORDERED.

ENTERED: July 1, 2016

　　　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court